UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANTA FE AUTO INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) 2:12-CV-1598-LRH-VCF |
| v. | ) ) |
| LARRY A. BLACK, | ) ORDER ) |
| Defendant. | ) ) |

    Before the court is plaintiff Santa Fe Auto Insurance Company, Inc.'s ("SFAIC") motion for default judgment against defendant Larry A. Black ("Black"). Doc. #9.[1]

## I.   Facts and Procedural History

    On October 20, 2011, defendant Black was involved in an auto accident while within the course and scope of his employment with non-party JRC Restaurants, LLC. At the time of the accident Black was insured under an automobile policy issued by plaintiff SFAIC.

    Subsequently, SFAIC filed the underlying complaint for declaratory relief against Black seeking a declaration that the SFAIC automobile policy does not cover the auto accident. Doc. #1. Defendant Black did not file an answer to the complaint after being properly served. *See* Doc. #6. Subsequently, SFAIC obtained a clerk's entry of default against Black. Doc. #9. Thereafter, SFAIC

---

[1] Refers to the court's docket number.

filed the present motion for default judgment against Black. Doc. #9.

## II.  Discussion

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The court has reviewed the documents and pleadings on file in this matter and finds that the *Eitel* factors support entering a default judgment in this action. First, SFAIC will be severely prejudiced if a default judgment is not entered because defendant Black has shown an unwillingness to appear. Second, SFAIC's claims are sufficiently pled and supports its requested relief. Third, the relief requested is directly related to the underlying automobile policy. Fourth,

2

1 there is no excusable neglect for defendant Black's failure to participate in this action. Finally,
2 although public policy favors a resolution on the merits, the court finds that a default judgment is
3 warranted in light of the other *Eitel* considerations and the fact that defendant Black's
4 unwillingness to participate precludes resolution on the merits.

6   IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (Doc. #9) is
7 GRANTED. Plaintiff Santa Fe Auto Insurance Company, Inc. shall have ten (10) days after entry of
8 this order to prepare an appropriate proposed judgment against defendant Larry A. Black and
9 submit the same for approval and signature by the court.
10   IT IS SO ORDERED.
11   DATED this 24th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3