UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SANTA FE AUTO INSURANCE COMPANY, INC.,

    Plaintiff,

v.

LARRY A. BLACK,

    Defendant.

2:12-CV-1598-LRH-VCF

ORDER

    This is a *sua sponte* order from the court concerning the court's jurisdiction to hear the underlying action.

    On October 20, 2011, defendant Black was involved in an auto accident while within the course and scope of his employment with non-party JRC Restaurants, LLC. At the time of the accident Black was insured under an automobile policy issued by plaintiff Santa Fe Auto Insurance Company, Inc. ("SFAIC"). After the accident, plaintiff SFAIC filed the underlying complaint for declaratory relief against Black on the basis of diversity jurisdiction. Doc. #1.[1]

    The court has reviewed the complaint and finds that it requires more evidence to determine whether it has subject matter jurisdiction over this action. While it appears that the parties are of diverse citizenship, plaintiff SFAIC has not demonstrated that the amount in controversy exceeds $75,000.00.

---

[1] Refers to the court's docket number.

1    "[A]ny civil action brought in a State court of which the district courts of the United States
2    have original jurisdiction, may be removed by the defendant or the defendants, to the district court
3    of the United States."  28 U.S.C. § 1441(a). Among other reasons, the district courts of the United
4    States have "original jurisdiction" where there is diversity of citizenship between the parties and the
5    amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

6    In some cases, it may be "'facially apparent' from the complaint that the jurisdictional
7    amount is in controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir.
8    1997) (delineating the "appropriate procedure for determining the amount in controversy on
9    removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). However,
10   "[w]hen the amount is not facially apparent from the complaint, the court may consider facts . . .
11   and may require parties to submit summary-judgment-type evidence relevant to the amount in
12   controversy." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation
13   marks omitted).

14   The court finds that it is not facially apparent from the complaint that more than $75,000 is
15   in controversy. To the contrary, based on the allegations in the complaint and the documents filed
16   in support of plaintiff's motion for default judgment, the amount in controversy appears limited to
17   the $15,000/$30,000 policy limits, well below the jurisdictional threshold. It also does not appear
18   that a lawsuit by the injured motorcyclist has been filed, or that there has been a demand for a
19   tender of a defense. Accordingly, jurisdiction has not been established. However, rather than
20   dismiss this action, the court will provide plaintiff additional time to present "summary-judgment-
21   type evidence" showing by a preponderance of the evidence that this case meets § 1332(a)'s
22   amount in controversy requirement.
23   ///
24   ///
25   ///
26

IT IS THEREFORE ORDERED that plaintiff Santa Fe Auto Insurance Company, Inc. is granted twenty (20) days to establish the minimum amount in controversy for federal diversity jurisdiction.

IT IS FURTHER ORDERED that the court's order granting default judgment (Doc. #10) is SUSPENDED pending further order of the court.

IT IS SO ORDERED.

DATED this 23rd day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3